UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RAY A. PERRY, | ) | CASE NO. 1:09 CV 2254 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| TERRY COLLINS, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Ray A. Perry filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Perry is currently incarcerated in an Ohio penal institution. In the Petition, Mr. Perry contends his conviction on charges of escape should be overturned. For the reasons set forth below, the petition is denied and this action is dismissed.

**Background**

Mr. Perry was indicted on charges of escape on December 15, 2005 for failing to report to his parole officer. See State v. Perry, No. CR-05-474846 (Cuyahoga Cty Ct. Com. Pl. indictment filed December 15, 2005).[1] He was arrested on the outstanding warrant on January 22,

---

[1] Cuyahoga County Court of Common Pleas dockets can be viewed at, www.cpdocket.cp.cuyahogacounty.us

2007 in Las Vegas, Nevada and extradited to Ohio. A trial on these charges was set for August 2, 2007. On April 18, 2007, Mr. Perry filed Perry v. Wilson, Case No. 1:07 CV 1144 (N.D. Ohio)(O'Malley, J.) claiming that his parole officer slandered him by stating that Mr. Perry violated his parole and exceeded his authority by filing escape charges against him. That action was dismissed pursuant to 28 U.S.C. §1915(e) on July 25, 2007. Mr. Perry was convicted on one count of escape and was sentenced on September 25, 2007 to a term of two years incarceration followed by three years of post release control.

Two days after his sentencing, Mr. Perry filed another action to challenge the State's ability to prosecute him on escape charges. See Perry v. Collins, Case No. 1:07 CV 2952 (N.D. Ohio filed Sept. 27, 2007)(Gwin, J.). Specifically, he claimed that "those released on PRC are being unlawfully prosecuted for escape pursuant to R.C. 2921.34 for failing to visit their parole officer . . . [T]here is no statute authorizing the prosecution." That action was dismissed pursuant to 28 U.S.C. § 1915(e) on January 2, 2008.

One month after filing the second action challenging the escape charges, Mr. Perry filed a third case. See Perry v. Bedra, Case No. 1:07 CV 3245 (N.D. Ohio filed Oct. 22, 2007). In his complaint, asserted against his parole officer and parole board member Jim Bedra, he alleged:

> Pursuant to R.C. 2967.28 (2005) as it existed in 9/2005, periods of PRC do not run concurrent or consecutive to each other. A latter felony conviction would terminate a former PRC supervision. Also, parole and PRC supervisions do not aggregate. A 1 year parole supervision is terminated by a 3 year PRC supervision pursuant to R.C. 29657.28(4)(B). Whereby, after 9/26/2005, I was not on parole pursuant to R.C. 2967.15 or PRC pursuant to R.C. 2967.28. However, I find myself in prison now for the parole violation of escape pursuant to R.C. 2967.34.

(Compl. at 7.) He claims that the Ohio Adult Parole Authority ("OAPA") will not follow Ohio

Revised Code § 2967.28(4)(B) and the parole board lacked authority to pursue escape charges for violating the terms of his post release control. That case was dismissed pursuant to 29 U.S.C. § 1915(e) on January 18, 2008.

Mr. Perry has now filed the within petition for a writ of habeas corpus. He claims:

> This case involves the unconstitutionality of the Adult Parole Authority placing this Petitioner under post release control supervision when the trial court had not placed this Petitioner on post release control, as evidenced by the journal entry for an F5 escape conviction pursuant to Hernandez vs. Kelly, 844 N.E. 2d 301, Ohio, and by prosecuting this Petitioner for escape pursuant to R.C. 2921.34, for not reporting to a parole officer for post releaser [sic] control supervision, when the trial court had not placed the Petitioner on post release control.

(Pet. at 4.). He asserts: (1) a post release control sentence supercedes parole or post release control that is required in a prior sentence; (2) a defendant must be notified of post release control at the time of sentencing; (3) an escape conviction is unlawful pursuant to Ohio Revised Code § 2921.34(B)(2) when the detaining authority should have known there was no legal basis for the detention; (4) escape is a third degree felony when the most serious offense for which a period under detention is a fifth degree felony; (5) those released from prison are not subject to escape charges for supervised release; and (6) he was denied effective appellate counsel.

## Analysis

A federal court may grant a petition for a writ of habeas corpus filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States and only if "it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(a) &(b)(1); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994).

3

The United States Court of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."  Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same theory in which it is later presented in federal court.  Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a theory which is separate and distinct from the one previously considered and rejected in state court.

This complaint is Mr. Perry's fourth attempt to bring this matter before the court. The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment.  Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990).  It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action.  Id.  The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.  Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.  Both of these

4

requirements are met in this case.  Plaintiff is therefore precluded from litigating this matter for a third time.

In addition, five of the six grounds for relief asserted in this petition are all based on state law.  A claim based solely on an error of state law is not redressable through the federal habeas process. Gall v. Parker, 231 F.3d 265, 303 (6th Cir.2000) ("Principles of comity and finality equally command that a habeas court can not revisit a state court's interpretation of state law, and in particular, instruct that a habeas court accept the interpretation of state law by the highest state court on a petitioner's direct appeal."); see Greer v. Mitchell, 264 F.3d 663, 675 (6th Cir. 2001).

Mr. Perry's sixth ground for relief, based on ineffective assistance of appellate counsel must also be dismissed.  In 2008, Mr. Perry appealed his 2005 escape conviction.  He raised two assignments of error: (1) that he was not subject to post release control or parole; and (2) he did not effectively waive his right to a jury.  His conviction was upheld.  He filed an Application to Reopen his Appeal, which he attaches to this petition.  In this Application, he asserted four assignments of error: (1) a period of post release control supervision pursuant to Ohio Revised Code § 2767.28 does not run concurrently or consecutively to parole supervision because parole is fulfilled during post release control; (2) a defendant must be notified of post release control at the time of sentencing; (3) an escape conviction is unlawful when the detaining authority knew or should have known it had no legal basis; and (4) escape pursuant to Ohio Revised Code § 2921.34 is a third degree felony, when the most serious offense for which the person was under detention is a felony of the 5th degree pursuant to Ohio Revised Code §2921.34(C)(2)(b).  The Ohio Court of Appeals indicated that Mr. Perry attempted to assert ineffective assistance of appellate counsel in support of his first assignment of error.  The court then determined ineffective assistance of

appellate counsel was barred by the doctrine of *res judicata*. As a result of his state procedural default, federal habeas review on the ground raised by petitioner is unavailable absent a showing of cause for the default and actual prejudice to his case. Wainwright v. Sykes, 433 U.S. 72 (1977); Davis v. United States, 411 U.S. 233 (1973). No such showing is suggested by the petition.

## Conclusion

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


Dated: February 3, 2010      *s/ James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE